MODERN ORDER OF PRÆTORIANS *v.* GRIFFIN.[*]

(Division A. May 14, 1928. Suggestion of Error Overruled Oct. 1, 1928.)

[118 So. 175. No. 27109.]

[*]Corpus Juris-Cyc. References: Mutual Benefit Insurance, 45CJ, p. 126, n. 54; p. 127, n. 64.

*Terral & Adams,* for appellant.

314

316

*Morse & Bryan*, for appellees.

318

*Watkins, Watkins & Eager,* reply brief for appellants.

SMITH, C. J.   The appellant is a fraternal order con-
ducted on the lodge system, and issues policies of insur-
ance on the lives of its members. Willie Griffin was a
member of the appellant's Meridian Lodge, and received
from the appellant a policy of insurance on his life.
Griffin died, and, the appellant having declined to pay
the amount of his policy to his wife, the beneficiary there-
in, she sued the appellant therefor, and, from a judgment
in her favor, the appellant has brought the case to this
court.

The appellant's contention is that the court below
should have directed a verdict in its favor, for the reason
that the policy was not in force at the time of Griffin's
death, because of his failure to pay several of the month-
ly assessments due thereon.

The evidence, in substance, is that Griffin failed to
pay his assessments for March, April, and May, 1926.
On May 28, 1926, the appellant's general president and
secretary advised Griffin by letter that he had failed to
pay his dues for May, and could be reinstated by the pay-
ment of his dues for May and June.   Immediately after
Griffin's death, which occurred on June 12, 1926, the ap-
pellee tendered to the appellant, and it declined to ac-
cept, the amount of Griffin's assessments for May and
June.   The recorder of the local lodge testified that his

instructions were to collect assessments for each month between the 10th and 20th days thereof, but that he sometimes collected assessments after the 20th of the month without objection from the home office. His official receipt book was introduced in evidence, the stubs of which showed five instances in which he had collected assessments after the 20th of the month. These collections ranged from the 21st to the 28th of the month in which they should have been made.

Griffin was accidentally killed on Friday. On the Sunday before he met the local recorder at church, and told him that he intended to pay his assessments "next week," to which the recorder replied, "All right."

Section 20 of the constitution of the order to which its policies are subject, provides that:

"All dues shall be payable for each month on or before the first day thereof, and must be paid not later than the 20th. . . . Members failing to pay dues on time in accordance herewith shall lapse immediately without notice, and all rights, privileges, and benefits shall cease at once, except as to any paid-up and extended values to which they may be entitled as hereinafter provided."

Section 2, article 26, provides that:

"Any member whose dues shall not be paid as herein provided shall immediately lapse."

The article then provides how lapsed members may be reinstated, and section 7 provides that:

"The order shall not be liable, in any manner, upon the certificate of a member when lapsed or suspended."

Section 1, article 27, forbids the altering of its contracts with its members in any way by certain of its officers, including the officers of its local lodges.

The appellee's contentions are: (1) That the appellant is estopped from claiming that Griffin was in arrears other than for the month of May, because of its letter of May 28th to him advising him that he had failed to pay his May dues, and could be reinstated by the pay-

ment of his dues for May and June; (2) that the record-
er of the local lodge agreed that Griffin might pay his
dues "next week," and that Griffin died before the week
ended and therefore was not in default; (3) that the
local recorder was accustomed to accept dues without
objection from the appellant after the 20th day of the
month, and therefore Griffin had a reasonable time after
the 20th of May in which to pay his dues for that month,
which reasonable time had not elapsed when he died;
and (4) that Griffin's dues for May and June were ten-
dered to the appellant immediately after Griffin's death,
and before the expiration of the time in which he had to
pay the same by reason of his agreement with the local re-
corder, and the recorder's custom of collecting dues after
the 20th of the month.

We will leave out of view the provision of the appel-
lants' constitution prohibiting the officers of its local
lodges from dealing with members of the appellant's
order other than as provided in its constitution and by-
laws, and also the failure of Griffin to pay his assess-
ments for March and April.

When Griffin told the local recorder that he would pay
his dues "next week," he was then in default, and had
been for more than ten days, on his May dues, so that
his delinquency was not caused by any act of the record-
er; and the statement of the recorder to him that to
pay his dues "next week" would be "all right" can-
not be held to have been intended by him, or to have
been understood by Griffin, to be a waiver of the
appellant's other requirements for reinstatement.
Moreover, the local recorder was not authorized to make
such an agreement by the appellant's constitution or by-
laws, or by the policy issued by it to Griffin, and no gen-
eral custom of the appellant to acquiesce in such agree-
ments by its local recorder, on which Griffin had the right
to, and did rely, was proven.

It is true that, "where the insurer, by custom and course of dealing with the insured in receiving, without objection, premiums or assessments past due, has led him to believe that he is entitled to a reasonable time for the payment of premiums or assessments after they mature, the insurer cannot claim a forfeiture for failure to pay premiums or assessments on the day they become due; and this is true whether the tender of past due premiums is made before or after the death of the insured." 5 Cooley's Briefs on Insurance (2 Ed.), p. 4383. The ground on which this rule rests is that the insured has been misled by such custom, or specific dealings with him, into delaying payment of his premiums or assessments to a day later than that fixed therefor. 5 Cooley's Briefs on Insurance (2 Ed.), p. 4389. This rule cannot be here invoked, for the reason that the appellee failed to prove either such a custom on the part of the appellant or specific dealings of such character by it with Griffin, on which Griffin relied in delaying the payment of his May assessment.

The appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for the appellant.

*Reversed.*